ABRAHAM LOTT, RESPONDENT, v. AARON A. DE GRAW, APPELLANT.

*Tax lease — when it is presumptive evidence of the regularity of all the proceedings —*
*1877, chap. 268, sec. 18 — 1878, chap. 226.*

Section 18 of chapter 268 of 1877, as amended by chapter 226 of 1878, relating to the collection of taxes and the sales of land therefor in certain towns in Queens county, provides for the issuing of a lease of the premises sold by the county treasurer, and, further, that such "lease 'shall be presumptive evi-

dence that such tax was legally imposed and that the proceedings and sale were regular."

*Held,* that it was the intention of the legislature to make the presumption of regularity apply to the assessment and imposition of the tax, and to all the subsequent proceedings leading to, and including the sale itself, so that the mere production of a tax lease by a party shows him to be presumptively entitled to the possession of the premises and rents, the burden of showing his title to be defective being upon his adversary.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The plaintiff sued in ejectment to recover the possession of premises situate partly in Jamaica and partly in Flushing, Queens county. The defendant answered setting up title in himself. Upon the trial the plaintiff claimed title under a deed from a referee. The defendant claimed title under two tax leases from the treasurer of Queens county, one dated August 24, 1878, of the Jamaica part of the property on a sale for the taxes of 1873, the sale having been made on September 1, 1875, for twenty years, and the other of the Flushing part of the property, dated January 16, 1881, on a sale for the taxes of 1877, made on July 10, 1879, for 10,000 years. The defendant relied upon the tax leases, claiming that under the Queens county statutes they were presumptive evidence that the tax was legally imposed and that the proceedings and sale were regular.

The trial judge was of the opinion that the presumption must be limited to the proceedings had for the imposition of the taxes and those connected with the sale; deciding, "Perhaps the presumption does not include former proceedings, certainly it does not extend to the proceedings intermediate the imposition of the taxes and those had for the purpose of effecting the sales." He therefore held that there was a fatal defect in the defendant's proof and gave judgment accordingly.

The question presented was as to the proper construction to be put upon the Queens county statutes. They are as follows:

Act of May 3, 1869 (chap. 497, Laws of 1869): "An act to establish a receiver of taxes and to authorize the sale of lands for non-payment of taxes, and for the collection of unpaid taxes in the town of Flushing, Queens county."

Act of March 26, 1873 (chap. 135, Laws of 1873): "An act to establish a receiver of taxes and to authorize the sale of lands for

non-payment of taxes, and for the collection of unpaid taxes in the town of Jamaica, Queens county."

On May 10, 1877, a general act was passed (Laws of 1877, chap. 268), entitled "An act in relation to the collection of taxes and the sales of land therefor in certain towns of Queens county." This act was amended on May 8, 1878. (Laws of 1878, chap. 226.) And on June 1, 1877 (Laws of 1877, chap. 361), and on May 13, 1876 (Laws of 1876, chap. 261), acts were passed amending the special Flushing and Jamaica acts in respect to the mode in which notices are to be given. Both the leases and the sales were subsequent to the passage of the amended act of 1878.

Section 18 of the act of 1877, as amended by the act of 1878, provides that "the county treasurer shall execute and deliver to the person or persons legally entitled thereto a lease of such premises subscribed by the county treasurer making the sale, or by his successor in office, which lease shall be for the term for which such premises were sold, computing the same from the expiration of fifteen months from the day of sale, which lease shall be presumptive evidence that such tax was legally imposed and that the proceedings and sale were regular.

*John E. Parsons*, for the appellant.

*D. P. Barnard*, for the respondent.

DYKMAN, J.:

This is an action of ejectment for land situated in Queens county, partly in the town of Jamaica and partly in the town of Flushing. The plaintiff was the owner of the premises in August, 1873, and the defendent claims title under two tax leases from the treasurer of Queens county. The portion of the property in the town of Jamaica was sold to the defendant September 1, 1875, for the taxes of 1873, and his lease therefor is dated August 24, 1878, and the portion lying in the town of Flushing was sold to the defendant July 10, 1879, for the taxes of 1877, and his lease is dated January 16, 1881. These taxes were never paid.

These leases contain recitals of all the official action rendered necessary by the statutes under which it was all had, and the law relating to the sale of lands in Queens county for the collection of

taxes provides that they shall be presumptive evidence that such tax was legally imposed, and that the proceedings and sale were regular. (Chap. 226, Laws of 1878, § 3.)

The statute therefore makes the lease *prima facie* evidence that the tax was legally imposed and that the proceedings and sale were regular. The language is broad and comprehensive. The proceedings intended are all the proceedings leading up to the sale after the taxes are imposed or laid on by the board of supervisors, so that the presumption of regularity applies to the assessment and imposition of the taxes; all the subsequent proceedings leading to the sale and the sale itself.

The due execution of the lease and of the power conferred on the officer to divest the title is made out by intendment of law, and it is not necessary in the first instance to show that the steps made essential by statute in the imposition of the tax have been taken. Armed with the lease the defendant could rest on its efficacy until the owner made proof of some obviating fact.

Any other construction would defeat the manifest intention of the legislature in the enactment of this law. The courts before that had construed previous similar statutes with great severity and strictness, and had held that due execution of the power to sell for taxes must be shown step by step. (*Sharp* v. *Speir*, 4 Hill, 76; *Striker* v. *Kelly*, 2 Denio, 329; *Marsh* v. *Brooklyn*, 59 N. Y., 280.) That sales for non-payment of taxes were in derogation of the common law to divest the title of the owner and that no presumption would be indulged in favor of their regularity. Such were the decisions and such the evil which this law was intended to cure. It was necessary to collect taxes for the support of government, and experience had shown that their payment was evaded and their collection retarded by reason of the uncertainty of the title received by purchasers at tax sales. More than all it was known that they assumed the burden of proving the regularity of the proceedings. This, in most cases, was difficult and discouraged bidding at such sales, and the object of this law was to shift the burden of proof from the purchaser to the owner. The latter can in all cases avoid the burden by the payment of his taxes, and this law so understood will operate as an incentive to do so. On principle therefore the language of this law should receive the full force of its signification.

The only case which construes a statute similar to the one under consideration is *Colman* v. *Shattuck* (62 N. Y., 350). In that case section 65 of chapter 427 of the Laws of 1855, made the deed of the comptroller for land sold for taxes "presumptive evidence that the sale and all proceedings prior thereto from and including the assessment of the land" were regular and legal. The Court of Appeals in that case said, without dissent, that "the party assailing them therefore is bound to establish by sufficient and satisfactory legal evidence the illegality or defect which vitiates and renders them nugatory and void."

The statute now under consideration is equally comprehensive and should receive the same construction. It follows from these views that on the production of the tax lease the defendant showed himself entitled to the possession of the premises in question. His title was then presumptively good and the burden was cast on the plaintiff to show it faulty. He made no effort to do so, and the defendant was therefore entitled to judgment.

It is the argument of the plaintiff that the presumption that the tax was legally imposed does not include or apply to the action of the assessors, which are preliminary thereto, but the answer is that this view is quite too narrow and contracted, and that the presumption is not only that the tax was legally imposed, but also "that the proceedings and sale were regular." This must have application to all steps and proceedings required by law.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J. concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment reversed and new trial granted, costs to abide event.